GORDON McCLOUD, J. (concurring)
¶43 I agree with the lead opinion that the first two questions in a case like this, where a petitioner seeks a common law writ of prohibition, are (1) whether the petitioner has shown that the respondents-here, the judges of the Yakima County Superior Court-exceeded their jurisdiction, and (2) whether the petitioner-here, Yakima County Clerk Janelle Riddle-has another plain, speedy, and adequate remedy. Lead opinion at 650-51.
¶44 I also agree with the lead opinion's answer to those two questions. Regarding question (1), RCW 36.23.020 's plain language provides the "judges" with the authority to "order" "the clerk of the court" to "execute" a supplemental bond of the sort at issue here, id. at 651-52 (quoting RCW 36.23.020 ), and RCW 36.16.050 does not diminish that authority. Id. at 651-51. Thus, the petitioner has not shown that the respondent judges exceeded their jurisdiction. Regarding question (2), Riddle has another plain, speedy, and adequate remedy available. Id. at 652-54. As a result, I agree with the lead opinion's *656 conclusion that the petition for a writ of prohibition should be denied. Id. at 652-54.
¶45 I write separately only to express my disagreement with the lead opinion's definitive characterization of the judges' order to the clerk to execute a supplemental bond as "judicial action." Lead opinion at 650-51 ("The instant petition seeks to restrain judicial action; therefore we are concerned only with [the] common law [writ of] prohibition."). The dissent seems to accept this characterization. See dissent at 656-57. But I'm not so sure.
¶46 The judges' order to the clerk did not resolve a case or controversy; it was an action on a matter concerning what is partly the administration of the superior court and partly the conduct of a separately elected official, the clerk. That means the action has some attributes of a judicial administrative action. See In re Salary of Juvenile Dir., 87 Wash.2d 232, 242, 552 P.2d 163 (1976) (judicial power " 'is not limited to adjudication, but includes certain ancillary functions, such as ...judicial administration, which are essential if the courts are to carry out their constitutional mandate' " (quoting O'Coin's, Inc. v. Treasurer of Worcester County, 362 Mass. 507, 287 N.E.2d 608, 611 (1972) ) ). On the other hand, while the clerk has a role in the judicial branch,[1] it is not clear that the judges' supplemental bond order affected judicial administration. The order did not secure any additional resources for the courts or modify any practice within the clerk's office. All it would have accomplished was procurement of a secondary insurance policy, at county expense, to protect the county budget. RCW 48.28.040 ; see also Agreed Statement of Facts & R. Pursuant to RAP 16.2(d), Ex. 6 (letter from the judges detailing their concerns about possible "losses to Yakima County"). And the finances of the county are the primary responsibility of the board of commissioners, chapter 36.40 RCW, not the judiciary.
¶47 For that reason, I am hesitant to characterize the judges' order to the clerk in this case as "judicial action."
¶48 I therefore respectfully concur in the decision of the lead opinion.
González, J. (concurring in part and dissenting in part)
¶49 I agree that the writ of prohibition should be denied. I concur with the lead opinion that the Yakima County Superior Court judges did not exceed their statutory authority by issuing the supplemental bond order. I also agree that the former Yakima County clerk has not shown she lacked a plain, speedy, and adequate remedy at law for any injury. Accordingly, the writ of prohibition does not lie.
¶50 However, I would grant the judges' motion to supplement the record because the supplemental material offered is helpful to understand this case and to reach a just result. Therefore, I respectfully concur in part and dissent in part.

I do not reach the merits of Riddle's constitutional due process argument because it is unnecessary to my resolution of this case. See lead opinion at 654-55.